NOT FOR PUBLICATION                                         CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMS PROFITS LLC., | : | |
| Plaintiff, | : | Civil Action No. 08-5224 (JAP) |
| v. | : | **OPINION** |
| TURNBERRY MEWS, LLC and JAMES B. HARRISON, | : | |
| Defendants. | : | |

Currently before the Court is Plaintiff Jams Profits, LLC's ("Jams" or "Plaintiff") motion for summary judgment. The motion is unopposed. Defendants' failure to respond to Plaintiff's motion, however, does not automatically entitle Plaintiff to summary judgment on its claims. Rather, where the non-moving party fails to respond, the Court may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate. *See Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); Fed. R. Civ. P. 56(e) ("If the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against the adverse party."). Accordingly, the Court has reviewed Plaintiff's claims in order to determine whether Plaintiff is entitled to judgment on those claims as a matter of law. For the reasons set forth below, Plaintiff's motion for summary judgment is granted.

**I. Background**

The Court finds that the following facts are supported by the evidence of record and are

undisputed:[1]

On June 2, 2008, in consideration of a $450,000 loan from Jams, Defendant, Turnberry Mews, LLC ("Turnberry") executed a Term Note Loan ("Note") wherein it promises to repay Jams the principal amount of $450,000 together with 15% interest on the unpaid balance.  The Note contains a repayment schedule and provides that if Turnberry defaults on the loan, it would be subject to a late payment of 8% of the overdue amount.  Failure to make a principal or interest payment required under the terms of the loan constitutes an event of default.  Additionally, the Note contains an acceleration clause in the event of default whereby the entire unpaid principal balance of the Note, together with accrued interest, becomes immediately due subject to a 24% interest rate. The Note also contains an agreement to pay attorneys' fees and expenses in connection with the preparation of the Note and any fees incurred in connection with any legal action to collect the amount due.

As a condition precedent, Jams required Turnberry to secure a guarantor for the loan.  A Guaranty Agreement ("Guaranty") was executed by Defendant, Guarantor, James Harrison ("Harrison" or "Guarantor"), on June 2, 2008.  Pursuant to the terms of the Guaranty, Harrison "absolutely and unconditionally guarantees to the Lender, . . ., the full and prompt payment and performance, when due, of all obligations of any nature . . ." (Decl. Marc Levy ("Levy Decl."), Guaranty Agreement, § 1.)  The Guaranty further provides that the Lender, Jams, need not exhaust remedies against the Borrower, Turnberry, prior to exercising its rights against Harrison. Additionally, the Guaranty remains in effect until the obligations of the Note and the obligations of the Guarantor are satisfied.

---

[1]These facts are derived from the Declaration of Marc Levy and the supporting exhibits.

On October 8, 2008, Jams notified Harrison that the acceleration clause of the Note was triggered because Turnberry was in default after it failed to make the scheduled October 1, 2008 payment. Jams further notified Harrison that Turnberry owed a late penalty and that it was liable to Jams for counsel fees incurred to date and in the future. On October 22, 2008, after receiving no response from either Turnberry or Harrison, Jams filed a Complaint. As of April 1, 2009, the total amount due under the Note is $546,082.79. This amount consists of principal in the amount of $450,000, overdue interest payments in the amount of $56,451.27, and late penalty payments in the amount of $39,631.52. Jams filed the instant summary judgment motion on March 27, 2009.

## II. Legal Analysis

In its Complaint Jams seeks to enforce the terms of the Note against both Turnberry and Harrison. (Compl. ¶¶ 7-23.) Specifically, Jams seeks payment of the principal in the amount of $450,000, interest accrued on the principal, a late penalty assessment, costs of suit, and attorneys' fees. (Compl. ¶¶ 16, 23.) As such, the main issue is the construction of the Note and the Guaranty.

Neither party argues that the contract is unambiguous. In fact, in Defendants' Answer to the Complaint, they acknowledge the meaning of the terms of the Note and the Guaranty. (Ans. ¶¶ 6, 13.) Therefore, the Court will enforce the Note and Guaranty according to the plain meaning and the parties intent. *Highland Lakes Country Club & Community Ass'n v. Franzino*, 186 N.J. 99, 115 (2006). Additionally, "under New Jersey law, courts have enforced the terms of a guaranty and declined to relieve parties of their obligations when the parties voluntarily entered into the agreement understanding its terms, the transaction occurred in a commercial setting, viable alternatives existed, and the parties were not subject to oppression or unlawful surprise." *CIT Fin. USA, Inc. v. Lopez*, No. 05-722, 2006 U.S. Dist. LEXIS 60348, at *6 (D.N.J. Aug. 9, 2006) (citing *First New Jersey*

*Bank v. F.L.M. Business Machines, Inc.*, 130 N.J. Super. 151, 162-63 (Law Div. 1974)); *see also Del. Truck Sales v. Wilson*, 131 N.J. 20, 32 (1993) (enforcing a similar guaranty agreement).

The Court finds that the Defendants defaulted on their October 1, 2008 payment because payment was not remitted to Jams.  According to the plain language of the Note, the acceleration clause was triggered thereby obligating Defendants to pay the principal amount of $450,000, along with accrued interest at a rate of 24% and an 8% late penalty charge on the overdue amount.  Furthermore, according to the undisputed facts, there is no indication that Harrison did not voluntarily enter into the Guaranty or did not understand its terms.  Moreover, the facts reveal that Harrison was represented by counsel.  (Levy Decl. ¶ 18.)  As such, the Court finds the Guaranty to be enforceable.  Finally, the Court finds that Jams is entitled to attorneys' fees and costs pursuant to the express terms of the Note.  *Papalexiou v. Tower West Condo.*, 167 N.J. Super. 516, 530 (Ch. Div. 1979) ("There may be no recovery for legal expenses in an action for breach of contract unless statute, court rule or contract provide otherwise.  Allowing recovery pursuant to a voluntary agreement between the parties is viewed as part of the 'actual, reasonable and necessary expense' of the litigant.").

### III.  Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment is granted.  An appropriate Order accompanies this Opinion.

Dated: April 28, 2009

/s/ JOEL A. PISANO
United States District Judge